UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SARAH METCALF,<br><br>           Plaintiff<br><br>     v.<br><br>WALMART, INC., "LIZ," and DOES 1-25 inclusive,<br><br>           Defendants | CASE NO. 1:21-CV-1630 AWI BAK<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 3) |
|---|---|

This is a personal injury lawsuit brought by Plaintiff Sarah Metcalf against Walmart, Inc. ("Walmart") and a manager of one of Walmart's stores, "Liz." Walmart removed this matter from the Kern County Superior Court on November 8, 2021, on the basis of diversity jurisdiction. See Doc. No. 1. Currently before the Court is Metcalf's motion to remand and request for attorney's fees. For the reasons that follow, the Court will grant the motion to remand, but decline to award fees.

## REMAND FRAMEWORK

The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption

against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); Demartini v. Demartini, 964 F.3d 813, 819 (9th Cir. 2020).

## FACTUAL BACKGROUND

From the Complaint, Metcalf went to shop at a Walmart store located in Bakersfield, California. Metcalf went into the store's restroom. When Metcalf entered a bathroom stall, suddenly and without warning, she slipped on water and/or a similar substance on the floor and fell violently. Metcalf sustained serious injuries from the fall. It is alleged that the Defendants knew or should have known that the restroom/stall was in a dangerous, defective, and unsafe condition, that Defendants failed to properly clean and maintain the restroom and the floors, and failed to warn Metcalf and others of the unsafe condition of the restroom.

Based on information and belief, Liz was a supervisor or manager of the store at the time of Metcalf's slip and fall. Liz was responsible for: maintenance of the store, verifying that there was a policy in place which provided for store maintenance in accordance with industry standards, training and educating store employees who were tasked with store maintenance, and verifying that the store was being maintained according to industry standards. Liz was an adult resident of Kern County, California.

## PLAINTIFF'S MOTION

*Plaintiff's Argument*

Metcalf argues diversity jurisdiction does not exist. The Complaint alleges that Liz was a

manager at the Bakersfield store and a resident of Kern County.  Because Plaintiff and Liz are California citizens, there is no diversity jurisdiction.  Moreover, Liz is not a sham defendant.  There is at least a possibility that a recovery against Liz under a negligence theory is possible.  Liz, as a manager, can be liable for her own negligent inspecting, maintaining, and managing of the store and store employees.  Although Liz's full name is not identified, Metcalf argues that the name "Liz" was on the manager's name tag and that was all the information that was available to her.  Finally, the Complaint alleges only general damages, and a failure to stipulate that damages are less than $75,000 is not by itself sufficient to satisfy the jurisdictional minimum for diversity jurisdiction.

Additionally, Metcalf argues that removal was untimely.  Although Walmart alleges that it did not have evidence of her citizenship until discovery responses were served on October 8, 2021, the Complaint, which was served on June 11, 2021, and contains jurisdictional allegations.  The Complaint alleged that Metcalf was a resident of Kern County.  Therefore, removal was not timely.

*Defendant's Opposition*

Walmart argues that the Court has jurisdiction.  The only named and served parties are Metcalf, a citizen of California, and Walmart, a citizen of Delaware and Arkansas.  Metcalf confirmed in a request for admission that she is seeking more than $75,000 in damages.  Walmart argues that Metcalf has provided insufficient information to identify Liz and as a result, Liz's full name, address, and citizenship are unknown.  Because Liz is unknown, Metcalf cannot make allegations regarding her citizenship.  Walmart argues that it is not its job to ferret out whom Metcalf meant by naming only "Liz," and Walmart should not have to speculate who "Liz" might be based on inaccurate information in the Complaint.  Metcalf has not propounded discovery, or apparently returned to the store, or done anything to identify Liz's name.  Thus, it is clear that Liz has been added solely as an attempt to defeat diversity jurisdiction.  Moreover, Liz has not been served and, under Ninth Circuit precedent, she need not be considered for purposes of removal.  Since Liz is unknown and fraudulently joined, Liz can be disregarded for purposes of establishing diversity jurisdiction, which means that removal was proper.

3

*Legal Standards*

    1.       Fictitious Defendants

28 U.S.C. § 1441 provides in part, "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Some courts in the Ninth Circuit hold that this language is absolute and forbids consideration of the citizenship of any fictitiously named defendants. E.g. Rojas v. Sea World Parks & Entm't, Inc., 538 F.Supp.3d 1008, 1023 (S.D. Cal. 2021). Other courts hold that the citizenship of fictitiously named defendants may be considered if the "description of the [fictitiously named defendants] or their activities is specific enough to suggest their identity, citizenship, or relationship to the action." Johnson v. Starbucks Corp., 475 F.Supp.3d 1080, 1083 (C.D. Cal. 2020); Gardiner Family, LLC v. Crimson Res. Mgmt. Corp., 147 F.Supp.3d 1029, 1036 (E.D. Cal. 2015). This Court has adopted the latter view and will consider the citizenship of a fictitiously named defendant so long as the allegations regarding that defendant are sufficiently detailed and descriptive. Seanez v. Union Pac. R.R. Co., 2021 U.S. Dist. LEXIS 109178, *17-*18 (E.D. Cal. June 10, 2021).

    2.       Fraudulent Joinder

An exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The joinder or inclusion of a non-diverse defendant is deemed "fraudulent," and the non-diverse defendant's presence will be ignored for diversity purposes, if the "plaintiff fails to state a cause of action against [the non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016); Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Because there is a "general presumption against fraudulent joinder," the party invoking federal jurisdiction has the "heavy burden" of demonstrating fraudulent joinder. Weeping Hollow, 831 F.3d at 1113; see Hunter, 582 F.3d at 1046. Remand will be required "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants . . . ." GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018); Hunter, 582 F.3d at 1046.

### 3. Removal Deadlines

28 U.S.C. § 1446(b) "provides for two thirty-day windows during which a case can be removed: (1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1189 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)); see Dietrich v. Boeing Co., 14 F.4th 1089, 1090 (9th Cir. 2021). Defendants are not charged with "notice of removability until [they have] received a paper that gives them enough information to remove." Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018). Courts "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005). Defendants are not required to conduct any inquiries with respect to an indeterminate paper, and a defendant's subjective knowledge is not determinative. See Dietrich, 14 F.4th at 1091, 1094; Kenny, 881 F.3d at 791; Harris, 425 F.3d at 694, 697. For purposes of the second 30-day deadline, "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins . . . ." Dietrich, 14 F.4th at 1095.

*Discussion*

### 1. Timeliness of Removal

The Court agrees with Walmart that the face of the Complaint does not indicate that diversity jurisdiction exists. In particular, general damages are alleged and the description of Metcalf's injuries are themselves general. See Doc. No. 1-1. There is insufficient detail and information to reasonably ascertain that Metcalf was seeking more than $75,000 in damages. Thus, the case was not removable when Walmart was served with the Complaint. See Kenny, 881 F.3d at 791; Harris, 425 F.3d at 695.

Walmart argues that on October 8, 2021, it received verified discovery responses from Metcalf. Metcalf's responses to interrogatories indicate that she is a citizen of California. See

5

1  Doc. No. 1-6.  Metcalf admitted in response to a request for admission that her damages were in
2  excess of $75,000.00, see Doc. No. 1-8, which conclusively establishes the matter.  See Fed. R.
3  Civ. P. 36(b); Inland Empire Waterkeeper v. Corona Clay Co., 17 F.4th 826, 837 (9th Cir. 2021).
4  There is nothing to contradict the representation (or the documents presented as part of the notice
5  of removal) that the discovery responses provided by Metcalf on October 8, 2021, were the first
6  papers in Walmart's possession that could support an argument for the existence of diversity
7  jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007)
8  (finding that discovery responses can be "other papers" under 28 U.S.C. § 1446(b)).  For purposes
9  of this motion only, the Court finds that October 8, 2021, is the earliest possible date that the
10 thirty-day deadline for removal could have begun.

11      Thirty-days from October 8, 2021, is November 7, 2021.  However, because November 7,
12 2021 was a Sunday, Walmart had until November 8, 2021 to remove.  See Fed. R. Civ. P.
13 6(a)(1)(C).  Because Walmart indeed removed this matter on November 8, 2021, see Doc. No. 1,
14 removal was timely, and remand on the basis of an untimely removal is inappropriate.

15      2.      Failure to Serve Liz

16      The Court rejects the argument that the fact that Liz has not been served *per se* means that
17 her citizenship is irrelevant.  It is true that the Ninth Circuit has held that "defendants over whom
18 the court has not acquired jurisdiction may be disregarded in removal proceedings, and that
19 defendants who have been summoned must of necessity be allowed to exercise their right of
20 removal."  Community Bldg. Co. v. Maryland Casualty Co., 8 F.2d 678, 679 (9th Cir. 1925).  The
21 rule in *Community Bldg.* means that "a party not served need not be joined; the defendants
22 summonsed can remove by themselves."  Salveson v. Western States Bankcard Ass'n, 731 F.2d
23 1423, 1429 (9th Cir. 1984); see also Baiul v. NBC Sports, 732 F. App'x 529, 531 (9th Cir. 2018);
24 Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  That is, the rule in
25 *Community Bldg.* relates to which defendants are required to join a notice of removal.  See Baiul,
26 732 F. App'x at 531; Emrich, 846 F.2d at 1193 n.1.  However, "[w]henver federal jurisdiction in a
27 removal case depends upon complete diversity, the existence of diversity is determined from the
28 fact of citizenship of the parties named and not from the fact of service."  Clarence E. Morris, Inc.

1  v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969); see Rhodes v. Barnett, 692 F. App'x 834, 836 (9t h
2  Cir. 2017) ("[U]nserved parties must be considered in determining whether there is complete
3  diversity."); Preaseau v. Prudential Ins. Co., 591 F.2d 74, 78 (9th Cir. 1979) ("Moreover, this
4  Court has specially rejected the contention that § 1441(b) implies that service is the key factor in
5  determining diversity."). Thus, the rule announced in *Community Bldg.* does not apply when a
6  court determines diversity jurisdiction. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939);
7  Rhodes, 692 F. App'x at 836; Preaseau, 591 F.2d at 78; Vitek, 412 F.2d at 1176. Therefore,
8  *Community Bldg.* has no application to this case.

9      3.    Sham Defendant

10  Walmart does not argue that there is no possibility that Metcalf could recover against Liz
11 under either or both of the claims alleged in the Complaint. Therefore, Walmart has not
12 established that Liz was "fraudulently joined" as that term is commonly understood. See Weeping
13 Hollow, 831 F.3d at 1113; Morris, 236 F.3d at 1067. Instead, Walmart contends that Liz is
14 insufficiently and fictitiously identified such that Liz's citizenship should be disregarded. The
15 Court cannot agree.

16  The Complaint identifies: (1) the day that Metcalf went to the store (March 11, 2019), see
17 Complaint ¶ 8, (2) the address of the store in question, see id. at ¶ 5, (3) where in the store Metcalf
18 slipped and fell (in a stall in the restroom), see id. at ¶ 8, (4) the position held by Liz at the store (a
19 supervisor or manager), and (5) the responsibilities of Liz as a supervisor or manager at the store.
20 This is significant information. By narrowing events to a specific day and a specific store, and
21 naming Liz as a supervisor or manager of that store, the Complaint has done enough to reasonably
22 identify the role that Liz had in the events in question, as well as Liz's identity. See Seanez, 2021
23 U.S. Dist. LEXIS 109178 at *17-*18; Johnson, 475 F.Supp.3d at 1083; Gardiner Family, 147
24 F.Supp.3d at 1036. Therefore, Liz's citizenship cannot be ignored. See id.

25  The Complaint identifies Liz's residence as Kern County. Citizenship is determined by
26 domicile, which is a person's permanent home, where she resides with the intention to remain or
27 to which she intends to return. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).
28 An allegation of residence alone does not establish citizenship. See Scott v. Cricket Communs.,

1  LLC, 865 F.3d 189, 195 (4th Cir. 2017); Rainero v. Archon Corp., 844 F.3d 832, 839 (9t h Cir.
2  2016); Kanter, 265 F.3d at 857-58.  Nevertheless, the Complaint also alleges that Liz is a
3  managerial/supervisory employee of Walmart and works at a store located in Bakersfield.  The
4  location of the store itself suggests that Liz would not commute from another state.  Further, no
5  evidence has been provided that relates to the nature of the supervisors or managers at Walmart
6  stores.  For example, there is no evidence that Walmart frequently transfers supervisors and
7  managers between stores located in different states.  There is no reason to assume that Liz's
8  position as a manager or supervisor would make it more likely than not that she would be a citizen
9  of a state other than California.  While the allegations in the Complaint are not enough to establish
10 citizenship or for the Court to hold that Liz is a citizen of California, they at least point to
11 California citizenship and are enough to create doubt that complete diversity does not exist.

12         Walmart contends that there is insufficient information provided about Liz and that it is
13 under no obligation to ferret out who she may be or what her citizenship is.  The Court recognizes
14 that Walmart has multiple stores in every state in the country, and even has multiple stores in
15 Bakersfield.  Nevertheless, the Complaint narrows the field to a specific store, and narrows the
16 timeframe to a specific day.  The Court cannot imagine that Walmart does not know who manages
17 each of its stores or would have any significant difficulty in checking the records for a particular
18 store on a particular day to see if in fact a woman named "Liz" worked as some form of supervisor
19 or manager on March 11, 2019.  Moreover, contrary to Walmart's suggestion that it is under no
20 duty to ferret out Liz's identity, Walmart has the burden of overcoming the strong presumption
21 against removal jurisdiction and demonstrating that complete diversity exists.  See Geographic
22 Expeditions, 599 F.3d at 1106-07; Gaus, 980 F.2d at 566.  This means that Walmart could either
23 argue that Liz should be ignored or review it records for one store on one day and then review
24 relevant employee records to substantively show that Liz is not a citizen of California.  Walmart
25 chose to follow the first course, which the Court has rejected.  As result, Walmart has failed to
26 adequately address the citizenship of a non-fraudulently joined party and thus, has not met its
27 burden to show that removal was proper.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter,
28 582 F.3d at 1042; Gaus, 980 F.2d at 566.

Ultimately, all doubts are resolved against jurisdiction. See Geographic Expeditions, 599 F.3d at 1107; Duncan, 76 F.3d at 1485; Gaus, 980 F.2d at 566.  Because Walmart has not adequately addressed Liz's citizenship or dispelled the doubts raised by the Complaint concerning Liz's citizenship, Walmart has not met its burden to demonstrate that diversity jurisdiction exists and that removal was appropriate. See Geographic Expeditions, 599 F.3d at 1106-07; Hunter, 582 F.3d at 1042; Gaus, 980 F.2d at 566.  Therefore, the Court must resolve its doubts against Walmart, see Hunter, 582 F.3d at 1042; Gaus, 980 F.2d at 566, and must remand this case for lack of subject matter jurisdiction.[1]  See 28 U.S.C. § 1447(c); Demartini, 964 F.3d at 819; Bruns, 122 F.3d at 1257.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (Doc. No. 3) is GRANTED;
2. This case is REMANDED forthwith to the Kern County Superior Court;
3. Plaintiff's request for attorneys' fees is DENIED; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:  March 23, 2022                                                      _____
                                                                                              SENIOR DISTRICT JUDGE

---

[1] The Court does not find that Walmart's arguments in favor of removal are so unreasonable or specious that sanctions are warranted.  Therefore, the Court denies Metcalf's request for sanctions under 28 U.S.C. § 1447(c).  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

9